# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT WHITE, | : | CIVIL ACTION NO. **1:CV-06-1088** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN K. HOGSTEN, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

Gilbert White, an inmate at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"), filed, *pro se*, this action pursuant to 28 U.S.C. § 2241 on May 30, 2006. (Doc. 1). Petitioner also filed a Motion to proceed *in forma pauperis*. (Doc. 2). The Respondent, Warden Hogsten, has not yet been served.[1] We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).[2] *See also Pacitti v. Lindsay*, 2006 WL 1274997

---

[1] We note that in his *in forma pauperis* application, Petitioner states that he receives $42.00 per month for working in the prison food service, and his prison account balance as of May 15, 2006, was $10.65. Since we are recommending the summary dismissal of this petition under Rule 4 foll. § 2254, we shall recommend that Petitioner's *in forma pauperis* request be denied as moot. However, if this petition is allowed to proceed, we would recommend that Petitioner's *in forma pauperis* request be denied, especially in light of the fact that Petitioner will now have additional monies in his prison account due to the passing of a new month since the *in forma pauperis* request was filed. Petitioner will now have an extra $42.00 in his account from wages for his prison job. (Doc. 2).

[2] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

*1 (M.D. Pa.).

## I. Background.

On December 12, 2003, the Petitioner was sentenced in the United States District Court for the Eastern District of New York to a prison term of forty-six (46) months followed by five (5) years supervision. (Doc. 1, p. 2). Petitioner commenced serving his federal sentence on February 4, 2004. He is presently confined at FCI-Allenwood. He is currently scheduled to be released from federal custody on his stated sentence on July 18, 2007.[3] In his Habeas Petition, Petitioner seeks his immediate placement in a Community Confinement Center ("CCC").

## II. Discussion.

As mentioned, the Petitioner seeks to have this Court order his immediate transfer and placement in a CCC. Petitioner contends that, pursuant to 18 U.S.C. § 3621(b), this Court should grant him "immediate CCC placement." (Doc. 1, p. 1). Petitioner claims that he is entitled to a transfer to a CCC to serve the rest of his sentence, despite the fact that he is scheduled to be released "7/18/2007." (*Id.*, p. 2).

Specifically, Petitioner states as follows:

> Petitioner is scheduled to be released 7/18/2007 based upon two previous rulings of this Court which determined that 18 U.S.C. 3621(b) does not constrain the Bureau of Prison (sic) from considering inmates to be in the Community Correctional Center program for the duration of your sentence. I am being deprived of my liberty of interest due to the fact that I am confined in Prison for the duration of my sentence and not CCC according to . . . *Woodall v. Federal Bureau of Prison*, 2005 WL 34366 2d 3rd Cir

---

[3]Petitioner's scheduled release date is less than 46 months after February 4, 2004, presumably due to receipt of good conduct time credits towards service of his sentence.

(*Id.*, p. 2).[4]

Petitioner further states:

> I am Requesting to be placed in Community Correctional Center/Home Confinement placement for the duration of my time being that I have served a reasonable amount of time in the Bureau of Prisons Correctional facilities because subsection (b) of Section 3621(b) defines the place of imprisonment referred to in subsection (a) as any penal or Correctional facility and therefore I am asking to be moved to a Community Correctional center/home confinement placement for the remainder of my sentence.

(*Id.*, p. 3).

As relief, Petitioner requests this Court to grant him CCC placement. (*Id.*, p. 4).

This Court very recently considered a similar habeas petition in the case of *Pacitti, supra*. In *Pacitti*, the Petitioner sought this Court to transfer him to a CCC to serve the remainder of his sentence until his release date in 2011. *Id.* at * 1. This Court summarily dismissed the habeas petition under Rule 4 foll. § 2254. This Court stated as follows:

---

[4]Petitioner's reliance on *Woodall v. BOP*, 432 F. 3d 235 (3d Cir. 2005), is premature. Initially, we note that *Pacitti* was decided after *Woodall*. In *Pacitti*, this Court found that an inmate was not eligible for consideration for CCC placement until he approached the end of his sentence. Further, *Woodall* held that the BOP had to consider the five factors set forth in 18 U.S.C. § 3621(b), and that the BOP must make decisions regarding transfers of an inmate to a CCC using these factors that Congress specified. *See Shellberg v. Lindsay*, 2006 WL 1149251 * 2 (M.D. Pa.). *Woodall* does not yet apply to our Petitioner since he is not yet near the end of his sentence, and he is not entitled to consideration for CCC placement by the BOP at this time. Once Petitioner nears the end of this term, the BOP, of course, must afford him a good faith consideration of CCC placement pursuant to the principles annunciated in *Woodall*. Thus, *Woodall* does not require sooner consideration for CCC placement. Rather, *Woodall* requires that when an inmate is eligible for CCC consideration, the BOP must adhere to the factors Congress established.

> Petitioner has no right to CCC placement one year prior to release, even though the BOP has discretion under 18 U.S.C. § 3621(b) to place him in such a facility at any point in his prison term. While Congress has mandated CCC placement for federal prisoners, consideration of such placement is not required until the last six months of incarceration. The statutory mandate for placement of an inmate in pre-release custody near the end of his sentence is set forth in 18 U.S.C. § 3624(c), which in pertinent part provides:
>> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

*Id.* * 2.

This Court concluded:

> Under this provision, Petitioner could receive a six (6) month stay in a CCC. However, <u>Petitioner is not eligible for consideration under § 3624(c) until he approaches the end of his term.</u> Therefore, since Petitioner is not entitled to placement in any particular facility at this time, his petition for writ of habeas corpus will be summarily dismissed under Rule 4 of the Rules governing habeas corpus petitions.

*Id.* * 2. (Emphasis added).

As in *Pacitti*, our Petitioner is not eligible for consideration for CCC placement until he approaches the end of his term. As stated, Petitioner's term does not expire until July 18, 2007. Pursuant to *Pacitti*, consideration for CCC placement for a federal inmate is not required until the last six months of incarceration. *Id.* * 2. Our Petitioner has over one year remaining on his term. Our Petitioner, as this Court held in *Pacitti*, is not entitled for consideration under § 3624(c) for

4

CCC placement until he approaches the end of his term. *Id.*

Thus, we shall recommend that Petitioner White's Habeas Petition be summarily dismissed since he is not yet entitled to CCC placement at this time. *Id.*

## III. Recommendation.

Accordingly, it is respectfully recommended that Petitioner White's Habeas Petition (Doc. 1) be summarily dismissed under Rule 4 of the Rules governing habeas corpus petitions. It is also recommended that the Petitioner's Motion to proceed *in forma pauperis* be denied as moot. (Doc. 2).

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 6, 2006**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERT WHITE, | : | CIVIL ACTION NO. **1:CV-06-1088** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN K. HOGSTEN, | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 6, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated:   June 6, 2006**